IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES PERRY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 15-112 |
| | ) | |
| v. | ) | |
| | ) | |
| RICHARD MILLER; MAGISTRATE | ) | |
| JOSEPH DEMARCHIS; A.G. SHECHAN | ) | Magistrate Judge Lisa Pupo Lenihan |
| BALCHON; CITY OF MONESSEN; | ) | |
| MONESSEN POLICE DEPARTMENT; | ) | |
| KATHLEEN KANE; POLICE CHIEF OF | ) | |
| MONESSEN; and MAYOR OF | ) | |
| MONESSEN, | ) | ECF No. 36 |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

**LENIHAN, M.J.**

Presently before the Court is a civil rights action filed by Plaintiff, James Perry ("Plaintiff"), proceeding pro se, against the above-captioned Defendants. Defendants City of Monessen, Monessen Police Department, Police Chief of Monessen, and Mayor of Monessen ("Monessen Defendants") move to dismiss the Complaint (ECF No. 36) for failure to effectuate timely service of process as required by Federal Rule of Civil Procedure 4(m). For the reasons discussed below, the Motion will be denied.

At the time of filing of the Complaint, Plaintiff was a pre-trial detainee in the Westmoreland County Jail. On March 12, 2015, the Court ordered the United States marshal to mail a copy of the Complaint, notice of the lawsuit, and request for waiver of service to all Defendants. (ECF No. 7.) On April 28, 2015, the United States marshal filed Notices of Inability to Effectuate Service on the Monessen Defendants. (ECF Nos. 20, 22, 23, 24.)

On May 13, 2015, Attorney Mark R. Hamilton filed his Notice of Appearance on behalf of the Monessen Defendants. (ECF No. 25.) Also, on May 13, 2015, Attorney Jeffrey T. Criswell filed his Notice of Appearance on behalf of the Monessen Defendants.

Federal Rule of Civil Procedure 4(m) provides as follows:

> (m) **Time Limit for Service.** If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

Fed. R. Civ. P. 4(m). The law in this circuit is clear that a district court has wide discretion in deciding whether to extend time for service even in the absence of a showing of good cause. *Petrucelli v. Bohringer and Ratzinger, GMBH,* 46 F.3d 1298, 1305 (3d Cir. 1995).

The Monessen Defendants contend that this Court must dismiss the Complaint because the 120-day period to effectuate service expired on June 1, 2015. As of the date of this Motion, July 23, 2015, Plaintiff has failed to effectuate service of the Complaint on the Monessen Defendants. (ECF No. 37 at 2.) Plaintiff did not respond to the Motion.[1]

Pursuant to Federal Rule of Civil Procedure 4(c)(3), the Court ordered that service be made by a "United States marshal or deputy marshal or by a person specially appointed by the court" because the Plaintiff is proceeding pro se pursuant to 28 U.S.C. § 1915. (ECF No. 7.) *See also* Fed. R. Civ. P. 4(c)(3).

The Advisory Committee Notes offer the following factors that a district court may consider in determining whether a discretionary extension is warranted: 1) if the applicable statute of limitations would bar the refiled action; 2) if the defendant is evading service or

---

[1] Plaintiff was ordered to file a response on August 19, 2015, August 27, 2015, and October 7, 2015 (ECF Nos. 40, 43, & 45.) No response has been filed.

2

concealing a defect in attempted service; and 3) if the plaintiff is appearing pro se—"The district court should also take care to protect pro se plaintiffs from consequences of confusion or delay attending the resolution of an in forma pauperis petition." Fed. R. Civ. P. 4(m) advisory committee's note to 1993 amendment.[2]

Here, Plaintiff is proceeding pro se. Counsel for the Monessen Defendants entered their appearances just a little over two weeks after the Notices of Inability to Effectuate Service were filed, and approximately two weeks before the expiration of the 120-day period. The pro se Plaintiff may have concluded, erroneously, that service had been made by virtue of counsel entering their appearances.

Therefore, the Court will deny the Monessen Defendants' Motion to Dismiss (ECF No. 36) and order the United States marshal to take appropriate measures to effectuate service pursuant to Federal Rule of Civil Procedure 4. The Monessen Defendants are reminded of their "duty to avoid unnecessary expenses of serving the summons." *See* Fed. R. Civ. P. 4(d)(1)&(2).

An appropriate Order will follow.

Dated: November 9, 2015　　　　　　　　　　BY THE COURT:

　　　　　　　　　　　　　　　　　　　　　　s/ Lisa Pupo Lenihan
　　　　　　　　　　　　　　　　　　　　　　LISA PUPO LENIHAN
　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

---

[2] The Court will not conduct a good cause analysis because of the service requirements in Rule 4(c)(3) relating to the United States marshal and the overriding protections afforded pro se plaintiffs.

cc: All counsel of record
Via electronic filing

James Perry
3495-13
3000 S. Grande Blvd.
Greensburg, PA 15601